IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEROME JOHNSON, | § | |
| TDCJ No. 1198301, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:24-cv-2863-K |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The Court dismissed Petitioner Jerome Johnson's *pro se* application for a writ of habeas corpus as a successive petition without prejudice to his right to file, under 28 U.S.C. § 2244(b)(3), a motion for authorization to file a successive application with the United States Court of Appeals for the Fifth Circuit. *See Johnson v. Dir., TDCJ-CID*, No. 3:24-cv-2863-K-BN, 2025 WL 714242 (N.D. Tex. Feb. 10, 2025), *rec. accepted*, 2025 WL 713674 (N.D. Tex. Mar. 5, 2025).

After the Court dismissed his petition, Johnson filed objections to the magistrate judge's findings, conclusions, and recommendation ("FCR") [Dkt. No. 13] and objections to the FCR and final judgment [Dkt. No. 14]. The Court overruled those objections. *See* Dkt. No. 15. Johnson has now filed a timely motion for reconsideration under Rule 59(e). *See* Dkt. No. 17.

A Rule 59(e) motion timely filed within 28 days of judgment "'suspends the finality of the original judgment' for purposes of an appeal." *Banister v. Davis*, 140 S.

Ct. 1698, 1703 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n.10 (1984)). So, at this point, "there is no longer a final judgment to appeal from," and, "[o]nly the disposition of [the Rule 59(e)] motion 'restores th[e] finality' of the original judgment, thus starting the 30-day appeal clock." *Id.* (citations omitted). The Court's "ruling on the Rule 59(e) motion" will therefore merge "with the prior determination, so that the reviewing court takes up only one judgment." *Banister*, 140 S. Ct. at 1703 (citation omitted).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citation omitted). And, while its text "does not specify the available grounds for obtaining such relief," the United States Court of Appeals for the Fifth Circuit

> has explained that Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence" – not for raising arguments "which could, and should, have been made before the judgment issued." [The Fifth Circuit has] further noted that Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law.

*Id.* (citations omitted); *accord Demahy*, 702 F.3d at 182.

Johnson asserts that his motion should be granted "to correct a mistake of fact, and to prevent a manifest in justice (*sic*), and further hardship to his Constitutional rights." Dkt. No. 17 at 4. Although his motion is difficult to decipher, Johnson asserts, among other things, that this Court erred in referring this case to the magistrate judge without his consent and that the magistrate judge and this Court misapplied the law

relating to successive petitions under 28 U.S.C. § 2254. *See id.* at 2-4. Johnson's arguments are without merit and do not meet his high burden of establishing a manifest error of law or fact, presenting newly discovered evidence, or identifying an intervening change in the controlling law.

## Conclusion

The Court DENIES Petitioner Jerome Johnson's motion under Federal Rule of Civil Procedure 59(e) [Dkt. No. 17], and solely for statistical purposes, DIRECTS the Clerk of Court to REOPEN and CLOSE this case.

**SO ORDERED.**

**Signed April 7th, 2025.**

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE